UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-904-FDW
3:13-cr-264-FDW-6

| YOLANDA GONZALEZ, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

Petitioner was found guilty by a jury of conspiracy to possess with intent to distribute heroin (Count One), and conspiracy to commit money laundering (Count Two). [3:13-cr-264 ("CR") Doc. 155 (Verdict)]. The Court sentenced her to 240 months' imprisonment for each count, concurrent. [CR Doc. 228 (Judgment)]. On August 17, 2016, the Fourth Circuit Court of Appeals affirmed the sentence on direct appeal. United States v. Gonzalez, 668 F. App'x 30 (4th Cir. 2016). Petitioner did not seek certiorari review.

Petitioner filed the instant § 2255 Motion to Vacate on December 19, 2023.[1] She claims, "under the penalty of perjury," that counsel provided ineffective assistance with regards to a plea offer and at sentencing. [Doc. 1 at 1].

---

[1] Although the Motion to Vacate is dated December 14, 2023, Petitioner does not receive the benefit of the prisoner mailbox rule because she does not certify the date upon which she submitted the Motion to Vacate to prison authorities for mailing. The Court instead relies on the post-mark date. [See Doc. 1-1].

A Motion to Vacate must be on, or substantially follow, the prescribed form and: (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury. Rule 2(b)-(c), 28 U.S.C. foll. § 2255.

Further, a one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An otherwise time-barred petition is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements.").

2

Here, the Motion to Vacate is deficient in that the Petitioner has not: substantially followed the § 2255 form; supplied factual allegations in support of each claim; or requested any relief. It also appears that the Motion to Vacate is subject to dismissal with prejudice as time-barred because it was filed more than one year after Petitioner's conviction and sentence became final, and the Petitioner has not attempted to demonstrate timeliness.

The Petitioner shall have **thirty (30) days** in which to file a superseding Amended Motion to Vacate in accordance with this Order. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (discussing superseding amendments); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002) (a petitioner should be offered an opportunity to respond before the case is dismissed). The Amended Motion to Vacate will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255; Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Failure to timely comply with this Order will result in the dismissal of this action without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have thirty (30) days in which to file an Amended § 2255 Motion to Vacate in accordance with this Order and within the time limit set by the Court. If Petitioner fails to do so, this action will be dismissed without further notice.

2. The Clerk is respectfully instructed to mail Petitioner a blank § 2255 form and a copy of this Order.

Signed: January 4, 2024

Frank D. Whitney
United States District Judge