UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-904-FDW
(3:13-cr-264-FDW-6)

| YOLANDA GONZALEZ, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on the Petitioner's pro se Motion for Bail Pending Appeal [Doc. 6] and Motion for Reconsideration of Order to Appoint Counsel [Doc. 9], and on the United States of America's Motion for Extension of Time [Doc. 11].

First, Petitioner seeks release pursuant to 18 U.S.C. § 1343(b)(1)(B) pending this § 2255 action because, she argues, she has raised a substantial showing of the denial of a constitutional right. [Doc. 6]. The Bail Reform Act of 1984, of which 18 U.S.C. § 1343(b)(1) is a part, does not apply to § 2255 proceedings. See United States v. Mett, 41 F.3d 1281 (9th Cir. 1994); United States v. Kelly, 790 F.2d 130, 139 (D.C. Cir. 1986); Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); United States v. Dansker, 561 F.2d 485 (3rd Cir. 1977); Hemetek v. United States, 2012 WL 13081487 (S.D.W.Va. April 26, 2012). A more stringent standard applies to a request for release on bail pending a § 2255 petition. To prevail on such a motion, a petitioner must show that her petition presents a substantial constitutional claim upon which she has a high probability of success, and that extraordinary circumstances warrant her release. United States v. Perkins, 53 F. App'x 667 (4th Cir. 2002). Petitioner has not made any of the requisite showings, accordingly,

1

her Motion seeking release on bail while the instant § 2255 proceeding is pending, is denied.

Petitioner also seeks reconsideration of the Order denying her Motion to Appoint Counsel. [Doc. 9; see Doc. 7]. She argues that she is unable to afford counsel, English is her second language, and the issues in this matter are complex and will require an evidentiary hearing. Petitioner has again failed to demonstrate that the appointment of counsel is warranted and the instant Motion is denied. [See Doc. 7]. This denial is without prejudice for Petitioner to request counsel in future if such is warranted by the circumstances, for instance, should the Court determine that an evidentiary hearing is required.

Finally, the United States seeks an extension of time in which to respond to the Motion to Vacate in light of counsel's workload. [Doc. 11]. The extension of time will be granted for good cause shown.

**IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Bail Pending Appeal [Doc. 6] is **DENIED**.

2. Petitioner's Motion for Reconsideration of Order to Appoint Counsel [Doc. 9] is **DENIED**.

3. The United States of America's Motion for Extension of Time [Doc. 11] is **GRANTED** until May 23, 2024.

Signed: April 15, 2024

Frank D. Whitney
United States District Judge