UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-904-FDW
3:13-cr-264-FDW-6

| | |
|---|---|
| YOLANDA GONZALEZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's pro se Amended Motion to Vacate [Doc. 3; see also Doc. 1 (Motion to Vacate)].

**I.  BACKGROUND**

Petitioner was charged along with six co-defendants in a drug trafficking conspiracy. The charges pertaining to Petitioner are: conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count One); and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Two). [3:13-cr-264 ("CR") Doc. 3 (Indictment)].

Before Petitioner testified at trial, the Court questioned her about her decision to reject the Government's most favorable plea offer as follows:

> THE COURT: …. The defendant needs to acknowledge that she personally turned down whatever the best plea offer was from the United States. So Ms. Greene or Mr. Washington, would you please put on the record the best offer extended to the defendant?
>
> MS. GREENE: From my recollection, Your Honor, without having the correspondence in front of me, but I'm 99.9 percent sure that it was similar to the other defendants: Plead to the drug conspiracy. At that point in time the evidence

1

we had was basically a little bit less than what we have now in terms of the trips. So it would have been 10- to 30-kilo exposure, just like Ms. Perez and just like Mr. Hernandez. The Government would dismiss the money laundering count and we would give her an opportunity for substantial assistance and to earn any consideration by the Court regarding substantial assistance.

My recollection that is the best offer, dismiss the money laundering, plead to 10 to 30 kilos of heroin.

THE COURT: All right. Ms. Gonzalez, would you please stand again?

**You heard Ms. Greene summarize the plea offer. Is that your understanding of the last plea offer made to you – offered to you?**

THE DEFENDANT: **Yes.**

THE COURT: All right. **So Mr. Morgan advised you of those terms?**

THE DEFENDANT: **Yes.**

THE COURT: All right. **Did you make the decision yourself to turn down that plea offer?**

THE DEFENDANT: **Yes.**

[CR Doc. 242 at 276-78] (emphasis added). A jury found Petitioner guilty as charged. [Doc. 264 (Verdict)].

The Presentence Investigation Report (PSR) scored the offense level based on the money laundering conspiracy because it resulted in a higher offense level than the drug trafficking offense. [CR Doc. 205 at ¶ 41]. The base offense level for the money laundering conspiracy was 34 because the offense violated § 1956(h) and the underlying drug trafficking offense involved at least 10 but less than 30 kilograms of heroin. [Id. at ¶ 35]. Two levels were added pursuant to U.S. Guidelines § 2S1.1(b)(2)(B). [Id. at ¶ 36]. Three levels were added because Petitioner was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive. [Id. at ¶ 38]. Two more levels were added for obstruction of justice because Petitioner testified

untruthfully at trial. [Id. at ¶ 39]. The total offense level was, therefore, 41. [Id. at 44]. Petitioner had zero criminal history points and a criminal history category of I. [Id. at ¶¶ 48-49]. The resulting advisory guidelines range was 324 to 405 months' imprisonment followed by between one and three years of supervised release. [Id. at ¶¶ 67, 71].

At the sentencing hearing, the Petitioner stated that she had not received a copy of the PSR, but that it had been read to her by a Spanish interpreter. [CR Doc. 246 at 5-6]. Counsel explained that there was no money to pay an interpreter to translate the PSR in writing, but that counsel and a Spanish interpreter had reviewed the draft and final PSRs with Petitioner. [Id. at 7-8]. Petitioner still had questions about the PSR, so the Court recessed the sentencing hearing to allow the Petitioner, counsel, and interpreter additional time to review the PSR and address any questions. [Id. at 15]. After the recess, Petitioner stated that she had the opportunity to review the PSR with counsel in Spanish, and that counsel had answered "any and all questions" that Petitioner had about the PSR. [Id. at 15-16]. The defense had no outstanding objections and the Government withdrew its one remaining objection about maintaining a dwelling for drug trafficking. [Id. at 16]. Defense counsel requested a downward variance sentence based on factors including Petitioner's family circumstances. [See id. at 25-26]. The Government requested a sentence at the low end of the guidelines range. [Id. at 27].

The Court granted the defense's request for a downward variance based on the nature and circumstances of the offense, Petitioner's history and characteristics, and to avoid an unwarranted sentencing disparity among the co-defendants. [See CR Doc. 229 (Statement of Reasons)]. On July 20, 2015, the Court entered a Judgment sentencing Petitioner to 240 months' imprisonment for each count, concurrent, followed by five years of supervised release. [CR Doc. 228].

On direct appeal, Petitioner argued that the Court did not make factual findings necessary

3

to support the two-level enhancement for obstruction of justice, and that the sentence is substantively unreasonable. The Fourth Circuit Court of Appeals affirmed on August 17, 2016. United States v. Gonzalez, 668 F. App'x 30 (4th Cir. 2016).

Petitioner filed the Motion to Vacate in the instant case on December 19, 2023.[1] [Doc. 1]. She argued that counsel was ineffective for failing to provide her with a copy of the PSR before sentencing so that she could review it and make objections, and for failing to inform her of a plea offer by the Government that she would have accepted. On January 5, 2024, the Court ordered the Petitioner to amend the Motion to Vacate because of several serious deficiencies; the Court also informed Petitioner that the Motion to Vacate appears to be time-barred. [Doc. 2]. Petitioner filed the Amended Motion to Vacate on January 24, 2024, raising the same ineffective assistance of counsel claims as the original Motion to Vacate. [Doc. 3]. The Petitioner addresses timeliness as follows:

> On claim of IAC I am claiming that my attorney Charles Morgan, Jr. provided IAC when he failed to inform me of a plea offer by the Government which I found out about on December 14, 2023. Under the AEDPA of 1996 as contained in 28 U.S.C. § 2255, paragraph 6(4)[2] provides that '(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence,' this date should be December 14, 2023 (tolling of time when I found out there was a plea offer by the Government which attorney Charles Morgan, Jr. which he failed to inform me about). Upon finding out this I researched further of any other IAC, and found out that my Presentence Report should have been provided to me at least 30 days before my sentencing hearing by Judge Frank D. Whitney who was upset at the sentencing hearing. I did not have anytime to review and object to my Presentence Report, if I had known that I could of asked for more time to review and object, I would have. As for my IAC failure to inform me of a plea offer by Government, because of my counsel's unprofessional errors, the result of the proceeding would have been different, I would have taken the plea

---

[1] Although the Motion to Vacate is dated December 14, 2023, the postmark date is used here because Petitioner did not certify the date upon which she placed the Motion to Vacate in the prison mail system. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

[2] This appears to refer to 28 U.S.C. § 2255(f)(4).

4

and not gone to trial…. Therefore, this Honorable Court should find that the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar my motion as December 14, 2023 is the date which the facts supporting my claims had been discovered.

[Id. at 11] (errors uncorrected). For relief, she asks the Court to "[g]rant [her] certificate of appealability." [Id. at 12]. On February 8, 2024, Petitioner filed a "Supplement" citing additional case law in support of the claim that counsel was ineffective for failing to convey a plea offer. [Doc. 8].

The Government filed a Response arguing that the Petitioner's claims are time-barred. [Doc. 14]. Petitioner has not replied and the time to do so has expired.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from

5

the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 2255(f)(4)'s reference to "due diligence" is equivalent to the rule of "inquiry notice." United States v. Nunez-Garcia, 31 F.4th 861, 865 (4th Cir. 2022). The due diligence requirement is triggered if circumstances arise that place a petitioner on inquiry notice that she "has an interest in challenging the prior conviction." Id. at 865-66. The inquiry then becomes whether a "duly diligent person in [the] petitioner's circumstances would have discovered" the facts supporting the claim or claims raised in the petition. Id. at 866.

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling.").

Here, the Judgment became final for purposes of § 2255(f)(1) on November 15, 2016, when the time to file a certiorari petition expired. See Clay v. United States, 537 U.S. 522, 525 (2003).

6

Petitioner filed the Motion to Vacate in this case more than six years late in December 2023. Therefore, the instant action is untimely under § 2255(f)(1).

Petitioner argues that the Motion to Vacate is timely pursuant to § 2255(f)(4) because she discovered, on December 14, 2023, that counsel had failed to inform her of a plea offer which she would have accepted. Petitioner's contention that she did not learn of the Government's plea offer until December 14, 2023 is conclusively refuted by the record. Petitioner stated at trial that counsel had informed her of the Government's most favorable plea offer, and that she had personally decided to reject it. [CR Doc. 242 at 276-78]. Petitioner's present vague, conclusory, and unsupported contentions to the contrary are rejected.[3]

Petitioner further argues that the Motion to Vacate is timely pursuant to § 2255(f)(4) because she conducted research in December 2023 that led her to discover that the PSR should have been provided to her 30 days before sentencing. This argument is unavailing because Petitioner knew the facts underlying this argument – that she had not received the PSR 30 days prior to sentencing – at the time of the sentencing hearing on July 8, 2015. That she claims to have learned the legal significance of those dates in 2023 is irrelevant. See United States v. Caro, 683 F. App'x 232, 233 (4th Cir. 2017) (under § 2255(f)(4), the time begins when the prisoner knows or should have known the important facts, not when he appreciates their legal significance); see also Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (changes in the law are not new facts for purposes of § 2255(f)(4)). Petitioner's argument that the PSR claim is timely under §

---

[3] Any attempt to rely on equitable tolling would fail for the same reasons. Moreover, Petitioner's claim that counsel was ineffective for failing to convey the plea offer is conclusively refuted by the record and it would be rejected on the merits even if it were timely filed. See generally Strickland v. Washington, 466 U.S. 668 (1984) (to establish ineffective assistance of counsel, a petitioner must establish deficient performance by counsel and that the deficient performance prejudiced him).

2255(f)(4) is, therefore, rejected.[4]

Accordingly, the § 2255 Amended Motion to Vacate is dismissed with prejudice as time-barred.

## IV. CONCLUSION

For the foregoing reasons, the Amended Motion to Vacate is dismissed with prejudice as time-barred and, alternatively, denied on the merits.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Motion to Vacate [Doc. 3] is **DISMISSED AND DENIED.**

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

---

[4] Any attempt to rely on equitable tolling would fail for the same reasons. Moreover, even if this claim of ineffective assistance of counsel were timely filed, it would be denied on the merits because Petitioner has failed to demonstrate prejudice. That is, she has failed to explain how the ability to review the PSR for 30 days before sentencing and the opportunity to file unspecified PSR objections would have had a reasonable probability of resulting in a lower sentence than the downward variance that the Court imposed. See generally Strickland, 466 U.S. at 640 (if a petitioner fails to prove prejudice, a reviewing court need not even consider the performance prong of the ineffective assistance test); United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court).

8

**IT IS SO ORDERED**.

Signed: July 10, 2024

Frank D. Whitney
United States District Judge